UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 1 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ANTONIO HERNANDEZ-MORALES, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-02-072 CRIMINAL NO. B-00-429 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Antonio Hernandez-Morales (Petitioner) has filed a 28 U.S.C. §2255 petition for a writ of habeas corpus. Petitioner asserts four grounds for relief: (1) his trial counsel was ineffective; (2) the sentencing court lacked jurisdiction over the locus in quo; (3) his conviction is unlawful and unconstitutional under the Fifth and Fourteenth Amendment; and (4) 8 U.S.C. § 1326(a) & (b) is unconstitutional. Due to the fact that Petitioner's claims are time barred, the petition should be DENIED.

## BACKGROUND

On October 31, 2000, Petitioner pleaded guilty without a plea agreement to illegal reentry after deportation, 8 U.S.C. § 1326(a) & (b). Petitioner received a 16-level increase in his guideline score for prior convictions. After adjustments, his guideline level was 21 and he possessed a criminal history level of VI. On February 2, 2001, the District Court sentenced Petitioner to seventy-seven (77) months incarceration. On February 5, 2001, Petitioner filed a statement of non-appeal, and on April 9, 2002, Petitioner filed this untimely 28 U.S.C. § 2255 Application.

1

## ANALYSIS

Petitioner Hernandez-Morales filed the instant federal petition for writ of habeas corpus on April 9, 2002. As such, his petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C. § 2255 set forth four different scenarios that start the running of the one-year limitations period:

The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

The record does not reflect that any unconstitutional "governmental action" impeded Hernandez-Morales from filing for federal habeas corpus relief prior to the end of the limitations period.[3] In addition, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.[4] Furthermore,

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

[2] See 28 U.S.C. § 2255.

[3] Id.

[4] Id.

2

Hernandez-Morales has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final.[5] Accordingly, the latest date (the date the limitations period should begin to run), is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[6]

In this case, Hernandez-Morales' conviction became final when the time for filing a notice of appeal expired (ten days after the sentence was imposed), on February 12, 2001.[7] Therefore, Petitioner had until February 12, 2002, to file a timely § 2255 petition. Petitioner actually filed his § 2255 petition on April 9, 2002; thus, it should be dismissed as time barred.

**RECOMMENDATION**

For the reasons set forth above, Petitioner's 28 U.S.C. §2255 Petition for Habeas Corpus Relief should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[8]

---

[5] Id.

[6] Id.

[7] FED. R. APP. P. 4(b)(1).

[8] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this \_\_\_11th\_\_\_ day of June, 2002.

_____
Felix Recio
United States Magistrate Judge