UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 21 2002

Michael N. Milby
Clerk of Court

ANTONIO HERNANDEZ-MORALES,
  Petitioner,

V.

UNITED STATES OF AMERICA,
  Respondent.

Civil No. B-02-072

In re Criminal No. B-00-429

PETITIONER'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO THE PROPOSED FINDINGS-CONCLUSIONS- AND RECOMMENDATION IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FILED JUNE 11th 2002

Comes Now the Petitioner Antonio Hernandez-Morales, in the above styled action, (hereinafter as "Petitioner"), and states for the record, in support of his § 2255 Motion the following that:

1). Petitioner objects to the Analysis on page (2) of the Magistrate Report and Recommendation that the one-year limitation period, according to the AEOPA until the Judgment of Conviction becomes final. The Court believes Petitioner had until February 12, 2002 to file a timely § 2255 petition. This is incorrect because petitioner was never informed by the district Court that he had until February 12, 2002 to file a § 2255, an appeal court provides a

[1]

Person with a starting date. The petitioner filed a Statement of NON-Appeal, and on February 5th 2001. Thereafter petitioner had (90) days to file a writ of Certiorari. The Appeal review expired after the 10 day period was imposed, that being February 12th 2001. Therefore petitioner had until May 12th 2002 to file a timely § 2255 petition. Thus, petitioner action should not be dismissed as time barred. The provision of 28 U.S.C § 2255 set forth the diffrent scenarios that start the running of the one-year limitation period, that period is dictated in Section (1) "The date on which the Judgment of Conviction becomes final.", without official notice to the person from a district Court - Court of Appeals the limitation period would have to become final May 12th 2002. Furthermore if the Magistrate Judge's report and recommendation are excepted then the record would show and demonstrate than an — unconstitutional "governmental action" is impeding on petitioner Hernandez-Morales statutory rights and his procedural rights to attack the Judgment — Conviction and Sentence.

2). Petitioner objects to the Magistrate Report and Recommendation because the Judge's Report is recharacterizing for misconstruing what the Supreme Court said in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) in reference to the one-year limitation period. Its essential to remember that fairness demands that

(2)

the Statute of limitations be tolled to afford Movant/or petitioner an opportunity to proceed on his first Motion to Vacate a Sentence. Because in this Case petitioner was waiting for a "NOTICE" from the Court of Appeal that stated his Conviction became final, when he recieve NO Such NOTICE the Courts left him in serious doubt how he must Satisfy the Antiterrorism and Effective Death Penalty Act's (AEDPA) Stringent limitations, or file Successive Motions.

3). petitioner objects to the Magistrate Judge's report and Recommendation in reference to the Claims made on page 1 of the report. Because petitioner's pending Section 2255 Motion falls Squarely within the range of Claims which may be raised in a Section 2255 Motion. The Statute enumerates a limited Number of Cognizable Claims:

(1) Constitutional issues

(2) Challenges to the district Court's Jurisdiction to impose the Sentence.

(3) Challenges to the length of a Sentence imposed in excess of the Statutory Maximum.

(4) Claims otherwise Subject to Collateral attack.

Also, A Motion Contesting the District Court's geographical,

(3)

other Jurisdiction e.g (the place [w]here the Crime was Committed)... "et Seq". Can be raised at ANYTIME., pursuant to the dictates of Rule 12(b)(2) and Federal Rule Criminal. Procedure. 18 U.S.C.A.

4). petitioner objects to the Magistrate Judge's Report and Recommendation, because the district Court did not proceed in conformity with Section 2255. IN Such Circumstances, Section 2255 requires that the trial court act on the Motion as follow: "... Cause Notice thereof to be Served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and Conclusions of law with respect thereto". See Morgan V. United States, 298 U.S. 468, 480 (1936)., Snyder V. Massachusetts, 291 U.S. 97, 116 (1934)., See also United States V. Hayman October Term, 1951. Opinion of the Court 342 U.S. 219, 220 et. Seq.

5). petitioner objects to the Magistrate Judge's Report and Recommendation, because it Suggest that § 2255 is "inadequate or ineffective". If True this enable the petitioner Now to invoke § 2241 merely because the petitioner is unable to meet the Stringent gatekeeping requirements, or (AEDPA) limitation period of one-year. IF this is the Case then the District Court Should provided petitioner with A declaration - permission to proceed in another jurisdiction.

(4)

## Conclusion

Wherefore, petitioner request that this Court allow the petitioner to continue to proceed, with the appointment of Newly appointed Cocounsel, with the Conformity of Section 2255 and not deny the relief are his §2255 Motion.

Cordially Submitted

*Antonio Hernandez*
ANTONIO HERNANDEZ-MORALES

## CERTIFICATION OF SERVICE

I, undersigned hereby state a copy of the foregoing attached instrument was mailed postage prepaid this 18th day of June anno Domini 2002 To:

Clerk's office
United States District Court
Southern District of Texas
Post office Box 61010
Houston, Texas 77208

Cordially Submitted
Ne Varietur:
By accommodation - under Necessity - by Next best Friend
( Johnson V. Avery 393 U.S. 483 - 498)


_Antonio Hernandez_
ANTONIO HERNANDEZ- MORALES #512690-198
Federal Correctional Institution (Medium)
P.O. Box 26040
Beaumont Texas 77720

United States District Court
Southern District of Texas
FILED
JUN 21 2002
Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
RECEIVED
JUN 21 2002
12:01 pm
Michael N. Milby, Clerk

Clerk office
United States District Court
Southern District of Texas
Post office Box 61010
Houston, Texas 77208

Clerk office
United States District Court
600 E. Harrison Street
Room # 101
Brownsville, Texas 78520

RE: Civ No. B-02-072 And Crim No. B-00-429 and Petitioner Objections to the U.S. Magistrate Judge's Report and Recommendation

Dear Clerk:

Please find enclosed Petitioner Objections to be filed with the Court. Also please inform me of the correct address of the Court in this matter. I previously have been mailing all documents to the Brownsville Division. Also I'm sending a copy of this action to Brownsville, please advise me if this is necessary. Which Court should get the original from now on? The original now has been sent to Brownsville Division.

Cordially Submitted

Antonio Hernandez
Antonio Hernandez-Morales #512690-198
Federal Correctional Institution (medium)
P.O. Box 26040
Beaumont, Texas 77720