UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTONIO HERNANDEZ-MORALES, § <br> Petitioner, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § § § | CIVIL ACTION NO. B-02-072 <br> (Cr. No. B-00-429) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Antonio Hernandez-Morales' "Notice of Appeal" (Doc. #8). This Court will construe Petitioner's Notice as an Application for a Certificate of Appealability. Petitioner's Application for a Certificate of Appealability (Doc. # 18) should be DENIED.

### BACKGROUND

On October 31, 2000, Petitioner pleaded guilty without a plea agreement to illegal reentry after deportation, 8 U.S.C. § 1326(a) & (b). Petitioner received a 16-level increase in his guideline score for prior convictions. After adjustments, his guideline level was 21 and he possessed a criminal history level of VI. On February 2, 2001, the District Court sentenced Petitioner to seventy-seven (77) months incarceration. On February 5, 2001, Petitioner filed a statement of non-appeal, and on April 9, 2002, Petitioner filed an untimely 28 U.S.C. § 2255 Application. The district court signed an order denying Petitioner Hernandez-Morales' writ on July 12, 2002. Petitioner now applies for a certificate of appealability to the Fifth Circuit Court of Appeals.

1

## ANALYSIS

The AEDPA converted the "certificate of probable cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a Certificate of Appealability ("CoA").[1] The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.[2] Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2254, a petitioner must obtain a CoA.[3] Under the AEDPA, appellate review of a habeas petition is limited to the issues on which a certificate of appealability ["CoA"] is granted.[4] A CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone.[5]

---

[1] See Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); and Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC).

[2] See Robison v. Johnson, 151 F.3d 256, 259 n.2 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999); and Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997), cert. denied sub nom. Monroe v. Johnson, 523 U.S. 1041 (1998).

[3] See Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001), cert. denied, 122 S.Ct. 477 (2001); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d 232, 236 (5th Cir. 2000), cert. denied, 530 U.S. 1286 (2000); Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999); and 28 U.S.C. §2253(c)(2).

[4] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

[5] See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[6] To make such a showing, the petitioner need not show that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.[7] This Court is authorized to address the propriety of granting a CoA *sua sponte*.[8]

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong.[9] In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a

---

[6] See Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d at 236; Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

[7] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d at 896; Soria v. Johnson, 207 F.3d at 236-37; Miller v. Johnson, 200 F.3d at 280; and Hicks v. Johnson, 186 F.3d at 636.

[8] Alexander v. Johnson, 211 F.3d at 898.

[9] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; and Rudd v. Johnson, 256 F.3d at 319.

valid claim of the denial of a constitutional right <u>and</u> whether this Court was correct in its procedural ruling.[10]

Petitioner Hernandez-Morales makes no valid claims that detail a denial of a constitutional right. Further, Petitioner Hernandez-Morales can not show that the issues are debatable amongst reasonable jurists. He also can not prove that another court would have resolved any of the issues he raised in his § 2255 petition differently. Therefore, these proceedings should not proceed and Petitioner Hernandez-Morales' Application for a Certificate of Appealability should be DENIED.

## RECOMMENDATION

For the reasons set forth above, Petitioner's Application for a Certificate of Appealability should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[10] <u>Slack v. McDaniel</u>, 529 U.S. at 484, 120 S.Ct. at 1604 (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

4

a failure to object.[11]

DONE at Brownsville, Texas this 14th day of August, 2002.

Felix Recio
United States Magistrate Judge

---

[11] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415, 1418 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO HERNANDEZ-MORALES, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-02-072 |
| UNITED STATES OF AMERICA, Respondent. | § § § | CRIMINAL NO. B-00-429 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation be adopted. Furthermore, Petitioner's Application for a Certificate of Appealability is hereby DENIED. The U.S. District Clerk's Office is hereby ORDERED to close this case.

DONE in Brownsville, Texas on this _____ day of _____, 2002.

                                                                     _____
                                                                     Hilda G. Tagle
                                                                     United States District Judge