UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

11

United States District Court
Southern District of Texas
FILED

AUG 27 2002

Michael N. Milby
Clerk of Court

ANTONIO HERNANDEZ-MORALES,
   Petitioner,

V.

UNITED STATES OF AMERICA
   Respondent.

Civil No. B-02-072

In re: Cr. No. B-00-429

**PETITIONER'S WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**

The petitioner objects to the Magistrate Judge construing his "Notice of Appeal" (Docket 8) into an "Application for a Certificate of Appealability" (Docket 18) because the Notice of Appeal is not denominated as a "Application for a Certificate of Appealability". The Notice of Appeal has a specific name and should not be misconstrued into something else, which it is NOT! The petitioner further objects to the Magistrate uses of Semantics, and recharacterizing his "Notice of Appeal"; petitioner strenuously objects to and takes firm exception to the Magistrate Judge's Report and recommendation and the Judge's suggestions to a recharacterization of the "Appeal Motion" Because a district court should NOT undertake such recharacterization for construing unless a) the movant, with knowledge of the potential adverse consequence of such recharacterization, agrees to have the motion so recharacterized, or (b) the

(1)

The Court finds that, notwithstanding its designation, the motion should be considered a Motion for Certificate of Appealability, because of the nature of the relief sought. Additionally, the Court should offer the Petitioner the opportunity to withdraw the "Notice of Appeal" rather than have it "so construed for recharacterized as a application for Certificate of Appealability".

II.

Petitioner objects to the "BACKGROUND" in the Magistrate Judge's report and recommendation. (1) petitioner is not argueing the points concerning guilty plea - plea agreement at this stage in the proceeding. petitioner is argueing that he is entitle to file his first 28 U.S.C. § 2255 motion rather it was untimely are not. The fairness doctrine - fairness demands that the Statute of limitation be tolled to afford petitioner an opportunity to file his first Motion to Vacate Sentence, provided he does so within a reasonable time period, in this case the Petitioner filed his Motion for untimely § 2255 because he had serious reason to doubt that he could satisfy the Antiterrorism and Effective Death Penalty Act's (AEDPA) stringent limitations on such motions.

### III

Petitioner objects to the Magistrate Judge's "Analysis" on pages 2 thru 4 and based on the fact Petitioner is entitled to an Appeal under the procedural rules as well as the law dictates: Appeal, Resort to a Superior (i.e., Appellate) Court to review the decision of an inferior (i.e., Trial) Court or administrative agency. A Complaint to a higher tribunal, ~~in which~~ of an error or injustice committed by a lower tribunal, in which the error or injustice is sought to be corrected or reversed. See <u>Board of Ed. of Cleveland City School Dist. Vs. Cuyahoga County Bd. of Revision</u>, 34 Ohio St. 2d 231, 298 N.E. 2d 125, 128.,

<u>Fairness or equal time doctrine</u>. This doctrine imposes affirmative responsibilities on the broadcaster to provide coverage of issues of public importance which is adequate and which fairly reflects differing viewpoints. In fulfilling its "Fairness Doctrine" obligations, broadcaster must provide free time for the presentation of opposing views if a paid sponsor is unavailable and must initiate programming on public issues if no one else seeks to do so. <u>Columbia Broadcasting System, Inc. Vs. Democratic National Committee, Dist. Col.</u>, 412 U.S. 94, 93 S.Ct 2080, 2089, 36 L.Ed. 2d 772. Refers to Section of Federal Communications Act which provides that major advocates of both sides of political and public issues should be given fair or equal opportunity to broadcast their viewpoints. 47 U.S.C.A § 315.

## IV

Petitioner Objects to the Magistrate Judge's "Recommendation" that Petitioner's "Application for a Certificate of Appealability" should be denied. (1) reason is because the Petitioner has not been given an opportunity to file a Certificate of Appealability. Another reason is because petitioner has a Constitutional and fundamental right to an Appeal. Additionally, a pro se Petitioner-Defendant is NOT held to the same standards as a lawyer schooled in the law, pursuant to the language in <u>Haines V. Kerner</u>, 404 U.S. 519 (1972) "That no Matter how inartfully a prisoner's petition is it must be held to less stringent standards than formal pleading drafted by attorney Schooled in the law". Also " A Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his Claim which would entitle him to relief".

The Petitioner's Case, whether one believes is the result of ineffective assistance of Counsel or not, Clearly is a Miscarriage of Justice, in addition to any Violation of a Constitutionally protected right. It is for this reason, and the totality of the Circumstances presented, that the Court should not deny petitioner relief and should grant petitioner his right to Appeal, or in the alternative vacate the Sentence and Conviction, reimposing the Conviction – Sentence of the Petitioner-Defendant to 2 years for time served. This is the most equitable result of the many injustices that have occured in this Case.

Cordially Submitted

_Antonio Hernandez_
(4)    Antonio Hernandez-Morales #51260-198

## CERTIFICATE OF SERVICE

I, undersigned hereby state a copy of the forgoing attached instrument titled "Petitioner's Written Objections to the Magistrate Judge's Report and Recommendations", was mailed by Viz U.S. Mail postage prepaid this 23th day of August anno Domini 2002 To:

Clerk
United States District Court
Southern District of Texas
  P.O. Box 61010
Houston, Texas 77208
    and

Clerk
United States District Court
Southern District of Texas
  600 E. Harrison Street
Brownsville, Texas 78520

Cordially Submitted
  Ne Varietur:
By accommodation – under Necessity – by Next best Friend
( Johnson V. Avery 393 U.S. 483 – 498 )

_Antonio Hernandez_
ANTONIO HERNANDEZ-MORALES #51260-198
Federal Correctional Institution (Medium)
  P.O. Box 26040
Beaumont Texas 77720    (5)